IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

NOEL ARNOLD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CV 312-063
(formerly CR 310-012)

## O R D E R

Presently before the Court is Petitioner Noel Arnold's "Motion 60(b) to Vacate Set Aside or Reduce Sentence." Arnold essentially asks this Court to vacate his criminal sentence and resentence him "to avoid a manifest injustice in [his] sentence." (Doc. No. 24, at 9.)

Arnold has sought to have his sentence reviewed on prior occasions, but he meets with the collateral attack waiver in his plea agreement at every turn. (See Report and Recommendation of Feb. 21, 2013, Doc. No. 6; Order Denying Certificate of Appealability, Case No. 13-12136 (11th Cir. Oct. 7, 2013), Doc. No. 14; Order of Jan. 7, 2015, denying Rule 60(b) motion, Doc. No. 20.) Arnold has also argued that this Court cannot enforce his collateral attack waiver because of a policy announced by the Department of Justice in November 2014. This Court has soundly rejected this argument. (See Order of Jan. 11, 2016,

denying Motion to Reopen Case, Doc. No. 23; see also Report and Recommendation in Civ. Action No. 315-034 (S.D. Ga. May 19, 2015), adopted by Order of June 15, 2015 (Bowen, J.).)

In the instant Rule 60(b) motion, Arnold again cites to the DOJ policy in support of his argument that the Court cannot enforce the collateral attack waiver. As stated, this argument has been thoroughly discussed, and Arnold cites to no new facts or law that would warrant reconsideration of this Court's Order of January 11, 2016. Now, for the first time, Arnold argues that he should not be held to this waiver because he received ineffective assistance of counsel.[1] ("Mot. 60(b)", Doc. No. 24, at 2 ("[N]o attorney would allow a Defendant to assign all his rights away with no recourse."[2]).) This is a new ground for relief that may not be brought in a motion for reconsideration. See Yelder v. Credit Bureau of Montgomery, LLC, 131 F. Supp. 2d 1275, 1288 (M.D. Ala. 2001) ("[A] motion for reconsideration brought under Rule 60(b) is not at the disposal of parties who

---

[1] Arnold argued ineffective assistance of counsel in the original 28 U.S.C. § 2255 petition with respect to his claim that counsel failed to request a surveillance video of the bank robbery rather than in the execution of a plea agreement containing a collateral attack waiver. (See Report and Recommendation of Feb. 21, 2013, at 5, 8-9 ("[I]t is clear that [Arnold's] assertion of ineffective assistance of counsel pertains to the effect of counsel's action on [his] eventual sentencing rather than to the validity of [his] guilty plea."), Doc. No. 6.)

[2] Arnold also assigns blame to his attorney for failing to object to Arnold testifying at his sentencing hearing. This too is a new ineffectiveness claim.

2

want to raise new arguments for the first time."). In fact, to the extent Arnold is challenging his conviction and sentence upon this new ground, he must do so in a § 2255 petition, and because he has already filed one, he must obtain authorization from the Eleventh Circuit Court of Appeals to file a successive petition. See 28 U.S.C. §§ 2255, 2244(b)(3). Accordingly, this Court cannot reach the merits of Arnold's argument that he received ineffective assistance of counsel at his guilty plea or sentencing hearings.

Finally, to the extent that Arnold argues that this Court should vacate his sentence and resentence him based upon a notion of "manifest injustice," the motion is denied. A court may not modify a criminal sentence based upon "manifest injustice." In fact, as a general rule, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). There are three exceptions to this general rule. First, if the Director of the Bureau of Prisons files a motion asking for a reduction, a court may entertain it under certain circumstances. 18 U.S.C. § 3582(c)(1)(A). Second, Section 3582 references Rule 35 of the Federal Rules of Criminal Procedure for instances when correcting sentence is proper. 18 U.S.C. § 3882(c)(1)(B). Rule 35 allows modification upon an order from an appellate court, upon a motion from the Government, or to correct a computational error within seven days of sentencing. Third, a court may reduce a sentence that was "based on a sentencing range that has

3

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). Arnold's request for a sentence reduction does not fall within any of these exceptions. Accordingly, the Court is without authority to modify his sentence.

Upon the foregoing, Arnold's latest attempt to have this Court vacate his criminal sentence (doc. no. 24) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___7th___ day of September, 2017.

_____
UNITED STATES DISTRICT JUDGE